UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LONNIE DAVIS, JR.,

    Petitioner,

v.

    CASE NO: 8:13-CV-1431-T-30TGW
    CRIM. CASE NO: 8:08-CR-413-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), the United States' Response (CV Dkt. #7), and the Petitioner's Reply (CV Dkt. #8). Upon consideration, the Court concludes the motion should be summarily denied without an evidentiary hearing because it plainly appears from the parties' pleadings and the prior criminal proceedings that the Petitioner is not entitled to relief. *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

**Background**

Davis was indicted on one count of possessing with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) ("Count One"), and one count of possessing with intent to distribute 50 grams or more of

1

crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) ("Count Two"). CR Dkt. #1.

Davis moved to suppress evidence found in his vehicle during a traffic stop as being obtained in violation of the Fourth Amendment. CR Dkt. #13. The Court held an evidentiary hearing and granted Davis' motion. CR Dkt. #19. The Government filed an interlocutory appeal and the United States Court of Appeals for the Eleventh Circuit vacated and remanded the order for further proceedings. CR Dkt. #89. Davis filed a second motion seeking to suppress evidence relating to a separate traffic stop. CR Dkt. #62. The Court held a hearing and denied the motion. CR Dkt. #70, 71.

A jury found Davis guilty as charged. CR Dkt. #91. The Court sentenced Davis to 120 months for each count, with the terms to run consecutively, followed by 96 months of supervised release. CR Dkt. #103. Davis appealed his conviction on the grounds that the Court abused its discretion in denying his request for jury instructions about constructive possession. The United States Court for the Eleventh Circuit affirmed Davis' conviction. *United States v. Davis*, 479 Fed.App'x 219 (11th Cir. 2012).

Petitioner, proceeding *pro se,* now files this timely motion to vacate his sentence raising multiple claims of ineffective assistance of counsel, and challenging the basis for his sentencing. The claims raised are:

1. Petitioner's counsel was ineffective for not challenging the Government's amendment of Count Two of the indictment.

2. Petitioner's counsel was ineffective for failing to hold the Government to its burden of proving the drug substance was crack cocaine.

2

3. Petitioner's counsel was ineffective for failing to litigate the violation of his Fourth Amendment rights that resulted when his vehicle was stopped and searched.

4. Petitioner's counsel was ineffective for failing to object to the erroneous aggregation of drug quantities and the erroneous imposition of consecutive sentences.

5. The court erred in relying on non-qualifying prior convictions to trigger the Petitioner's sentencing enhancements.

6. The court lacked jurisdiction to enhance the Petitioner's sentence because his prior convictions were non-qualifying.

## DISCUSSION

Effective assistance of counsel is guaranteed by the Sixth Amendment. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). The standard for determining an ineffective assistance of counsel claim is whether counsel's conduct undermined the judicial process to the point it cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). An attorney is presumed to be competent so the petitioner has the burden of demonstrating he was deprived of effective counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

Vacating a conviction because of ineffective counsel requires the petitioner establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The focus in the first prong is not whether counsel could have made a different decision but

only whether counsel's performance was reasonable. *See Chandler v. United States,* 218 F.3d 1305, 1313 (11th Cir. 2000). Prejudice in the second prong is defined as the petitioner being able to show there is a reasonable probability, but for counsel's unreasonable error, the result would have been different. *Strickland*, 466 U.S. at 694. Evaluation of an effectiveness claim does not require the analysis to be conducted in any particular order and the court is not required to address both components of the inquiry should the petitioner fail in making a sufficient showing on one. *Strickland*, 466 U.S. at 697.

**Claim One**

Davis claims that his counsel was ineffective for allowing the prosecutor to commit misconduct by amending the indictment with a charge not issued by the grand jury. He argues that the court cannot permit a defendant to be tried on charges that are not made in the indictment against him. *Stirone v. U.S.*, 361 U.S. 212, 216 (1960). In Count Two of the initial indictment, Davis was charged with possessing with intent to distribute 50 grams of cocaine base. Davis complains that the indictment was amended to charge him with possession with intent to distribute 5 grams or more of cocaine base. This change was apparently made when the Government received lab results indicating that the total amount of cocaine base in Davis' possession was less than 50 grams.

An indictment "must contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Federal Rule of Criminal Procedure 3(c)(1) states that a defendant may be found guilty of an offense necessarily included in the offense charged. The Petitioner's initial and final charges representing Count Two both come from

4

Title 21, United States Code, Section 841(a)(1) which states, "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance…."

Davis' initial and final Count Two charges are the same. "The § 841(a) offense is complete once the person commits the proscribed act and knows that the substance is a controlled substance." *United States v. Sanders*, 668 F.3d 1298, 1309 (11th Cir. 2012). The specific amount and type of drugs are not elements of the § 841(a)(1) offense. *Id.* The statute provides enhanced statutory penalties depending on the drug type and weight involved. *Id.*

Davis has not shown there was anything improper with his indictment. He was clearly put on notice that he was being charged with knowingly possessing with intent to distribute cocaine base. Davis' allegations that his counsel should have challenged the Government's actions or the sufficiency of the indictment are unfounded, he has not shown his counsel to be ineffective, and this claim for relief should be denied.

**Claim Two**

Davis claims that his counsel was ineffective for failing to hold the Government to its burden of proving the substance in his possession was cocaine base. The remainder of Davis' argument is incomprehensible. He appears to be confusing the sentencing guidelines with the burden of proof at trial.

At trial, the Government called two chemists to testify about the identity of the substances found in Davis' possession. The first chemist testified that he analyzed the substance in Government's Exhibit 1 and determined it was cocaine base, also known as

5

"crack cocaine." CR Dkt. #110, pp. 46-51. The second chemist testified that he analyzed the substance in Government's Exhibit 2. He stated that the substance was "crack cocaine," also known as cocaine base. CR Dkt. #110, pp. 96-101.

The trial transcript shows the Government put forth sufficient evidence to prove beyond a reasonable doubt that the substance in Davis' possession was cocaine base. Since Davis has not shown his counsel to be ineffective, this claim will be denied.

**Claim Three**

Petitioner asserts his counsel was ineffective for failing to litigate the violation of his Fourth Amendment rights that resulted when his vehicle was stopped and searched. Davis acknowledges that his counsel contested this issue. What Davis really wants is the opportunity to re-litigate the claim. He asserts that his counsel should have argued that the stop and search of his vehicle was a product of illegal subterfuge, racial profiling, and racial discrimination. Additionally, Davis alleges that the Government had officers perjure themselves and pressured another witness into testifying with the threat of losing custody of her children.

Probable cause justifies a search and seizure. *Whren v. United States*, 517 U.S. 806, 819 (1996). An officer's actual motivation for a search or seizure plays no role in the ordinary, probable-cause Fourth Amendment analysis. *Id.* at 813. Therefore, Davis' counsel acted reasonably in directing his arguments to the objective factors involved in the stop. Davis' further accusations of officers perjuring themselves and threatening witnesses are unsupported and do not speak of ineffectiveness on behalf of his counsel. He makes no suggestion of how his accusations of impropriety, without any support, would have

6

affected the denial of his motion to suppress. In sum, this claim for relief is denied because Davis has failed to show his counsel was ineffective in litigating his Fourth Amendment claims.

**Claim Four**

Davis claims his counsel was ineffective for failing to object to the erroneous aggregation of drug quantities and the erroneous imposition of consecutive sentences. Davis was found to have cocaine base in his possession during two different traffic stops. Davis alleges the Court erroneously aggregated these quantities during sentencing, for a total of 43.3 grams of cocaine base, and improperly attributed to him a base offense level of 28 for sentencing purposes.

The United States Sentencing Commission Guidelines Manual provides that "counts involving substantially the same harm shall be grouped together into a single Group." U.S.S.G. § 3D1.2. Counts involve substantially the same harm when "the offense level is determined largely on the basis of … the quantity of substance involved …." U.S.S.G. § 3D1.2(d). Therefore, based on the United States Sentencing Commission Guidelines Manual, the Court aggregating the weights of cocaine base for Davis' Count One and Count Two charges was appropriate.

The Government filed an information establishing Davis' prior felony convictions which served to enhance Davis' sentence, guaranteeing a minimum of ten years imprisonment, according to 21 U.S.C. § 841(b)(1)(B). CR Dkt. #11. Having been convicted of two previous crimes of violence or controlled substance offenses, he also qualified as a career offender according to U.S.S.G. § 4B1.1. Qualifying as a career

offender raised his offense level to 37 because the offense statutory maximum penalty was life in prison. Having an offense level of 37, and a criminal history category of VI, Davis' recommended sentence was 360 months to life. U.S.S.G. Sentencing Table.

"If multiple terms of imprisonment are imposed on a defendant at the same time, … the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a). The Court, in determining whether the terms are to be ordered to run concurrently or consecutively, shall consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b). During Davis' sentencing hearing, the Court considered the factors present in § 3553 and sentenced him to ten years for each count with the terms to run consecutively. CR Dkt. #112, p. 13. This sentence of twenty years represented a significant downward variance from the guideline range of thirty years to life.

Davis' claims that the drug weights found in his possession were incorrectly aggregated and the Court erred in imposing consecutive sentences, are without merit. Since Davis has not shown his counsel was ineffective in relation to these claims, he is not entitled to relief.

**Claims Five and Six**

Davis contends that the Court did not have jurisdiction to enhance his sentence because it relied on non-qualifying prior convictions to trigger his sentencing enhancements. Davis cites several cases discussing what felonies are insufficient for sentence enhancement under a variety of acts, but none relate to the types of offenses which supported enhancement in this case. It is also unclear whether Davis is challenging his sentencing enhancement that was a result of the weight of drugs and his prior felonies,

8

under 21 U.S.C. § 841(b)(1)(B), or whether he is challenging his status as a career offender as defined under United States Sentencing Commission Guidelines Manual § 4B.1.1.

Davis was found guilty of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). His sentence was determined according to 21 U.S.C. § 841(b)(1)(B) which provides, "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years …." "The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

The proceedings required to establish a felony drug conviction are found in 21 U.S.C. § 851. Before trial, the Government must file an information stating the previous convictions to be relied on. 21 U.S.C. § 851(a)(1). The defendant is then given the opportunity to deny the asserted prior offenses and a hearing is held to determine disputed issues. 21 U.S.C. § 851(c). "Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2).

In this case, the Government filed an information listing six prior state drug felony convictions stemming from four different cases. CR Dkt. #11. Davis was asked during his sentencing hearing if he read his presentence report. CR Dkt. #112, p. 4. He responded

that he was unable to read but someone had read the report to him. CR Dkt. #112, p. 4. Davis' counsel addressed the Court stating that Davis maintained his innocence as to the crimes for which he was being sentenced but he did not object to anything related to his criminal or family history. CR Dkt. #112, p. 5. Davis then asserted to the Court that he agreed with the statement made by his counsel. CR Dkt. #112, p. 5.

At no point did Davis attempt to challenge the convictions present in the information the Government filed to establish his prior convictions. Additionally, all of the felonies the Government relied on were present in Davis' presentence investigation report, which he agreed was accurate. Davis has not attempted to show good cause for why he failed to challenge his prior convictions and these claims are subject to dismissal on that basis alone. 21 U.S.C. § 851(c)(2). However, the Court will discuss the claims to explain to Davis why they lack merit.

Davis cites numerous cases for why his previous felonies are insufficient to impose enhanced penalties. The cases include *Johnson v. United States*, 559 U.S. 133 (2010); *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010); *Lopez v. Gonzales*, 549 U.S. 47 (2006); and *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013). The cases cited generally test the sufficiency of state law felonies with regards to enhanced penalties in federal law, such as the Armed Career Criminal Act. *Johnson v. United States*, 559 U.S. 133 (2010). However, Davis has not demonstrated how any of the holdings apply to the facts of his case and the Court does not find them to be of consequence.

*Johnson* dealt with violations of the Armed Career Criminal act which authorizes enhanced penalties for violators who have three previous convictions for violent felonies.

*Johnson v. United States*, 559 U.S. 133, 136 (2010).  *Carachuri-Rosendo*, *Lopez*, and *Moncrieffe* all involved the determination of what is considered an "aggravated felony" in the context of the Immigration and Nationality Act.  *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S. Ct. 2577, 2580 (2010); *Lopez v. Gonzales*, 549 U.S. 47, 50 (2006); *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1682 (2013).  None of these cases cast doubt on the propriety of Davis' sentencing and the Petitioner's brief does not explain otherwise.

The Court concludes that Davis is not entitled to relief on these claims because they are without merit.  Additionally, Davis waived his right to challenge his enhancement when he failed to respond to the Government's information establishing his prior felony convictions.

It is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is **DENIED**.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt. #130, in the underlying criminal case, case number 8:08-CR-413-T-30TGW.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 18th day of December, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-1431 deny 2255.docx