## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LONNIE DAVIS, JR.,

    Petitioner,

v.                                              CASE NO. 8:13-CV-1431-T-30TGW
                                               CRIM. CASE NO. 8:08-CR-413-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's "Requet [sic] for Correction of Clear Error and a Manifest Error of Law and Fact, as Well as Relief from the Judgment Denying his Habeas Corpus Motion Filed Pursuant to Title 28 U.S.C. § 2255" (CV Dkt. 11) and pleading entitled "Court's Duty and Obligation to Address and Resolve the Jurisdictional Questions Presented in the § 2255 Motion, and to Address and Adjudicate on the Merits the Supreme Court Ruling in Alleyne as Presented in the § 2255 Motion" (CV Dkt. 12).

Previously, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Dkt. 1) and memorandum in support (CV Dkt. 5). Respondent filed a response (CV Dkt. 7) and Petitioner filed a reply (CV Dkt. 8). On December 18, 2013, the Court entered an order denying Petitioner's § 2255 motion (CV Dkt. 9). Petitioner now asks for reconsideration of that order, stating that his request is filed under Rule 59(e), Fed. R. Civ. P., as well as Rule 60(b), Fed. R. Civ. P.

A motion under Rule 59(e) must be filed within twenty-eight days of the entry of the judgment in question, which in this case is the Court's December 18, 2013 order. Because both of Petitioner's motions are dated February 18, 2014, they are untimely under Rule 59(e). The Court will consider these motions under Rule 60(b), which provides for motions seeking relief from a judgment, order, or proceeding. Further, as both motions ask the Court to reconsider the denial of Petitioner's § 2255 motion, the Court will treat them together as a motion for relief from a judgment or order under Rule 60(b).

Petitioner makes claims throughout his Rule 60(b) motion contending that the Court erred in denying his § 2255 motion. To the extent Petitioner is simply disagreeing with the Court's decision and attempting to re-litigate his claims, he is not entitled to relief. A Rule 60(b) motion is not a means to reassert claims that have been denied on the merits. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Petitioner is essentially using Rule 60(b) to improperly make a second or successive § 2255 motion concerning these arguments.[1]

Petitioner also alleges that the Court's order did not address several claims raised in his § 2255 motion. The Court will review this allegation. *See Rhode v. U.S.*, 583 F.3d 1289, 1291 (11th Cir. 2009). First, Petitioner argues that the Court did not rule on his "jurisdictional" claims. It appears that this assertion relates to Grounds One, Five, and Six of Petitioner's § 2255 motion. As to Ground One, Petitioner now alleges that the order did not address his argument that the Court was without jurisdiction to sentence him because he claims the indictment was amended. Petitioner did not raise jurisdiction in Ground One.

---

[1] While *Gonzalez* addressed habeas corpus petitions filed under 28 U.S.C. § 2254, its holding also applies to motions filed under 28 U.S.C. § 2255. *See Gilbert v. U.S.*, 640 F.3d 1293, 1323 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1001 (2012).

Rather, Ground One alleged that counsel was ineffective for failing to object to an amended indictment. In determining that this claim was without merit, the Court specifically concluded that Petitioner did not demonstrate any error in the indictment. (See CV Dkt. 9 at p. 5.) Petitioner did not argue about jurisdiction in Ground Five. In Ground Six, he claimed that the Court lacked jurisdiction to enhance his sentence because non-qualifying prior convictions were used to impose an enhanced sentence. The Court consolidated Grounds Five and Six for review. Petitioner's argument involving jurisdiction was addressed in the Court's order and denied as meritless. (See Dkt. 9 at pp. 8-11.)

Second, Petitioner argues that the Court did not rule on his claims concerning *Alleyne v. United States*, 133 S.Ct. 2151 (2013). This argument appears to concern Grounds One, Two, and Four of Petitioner's § 2255 motion. Petitioner raised *Alleyne* in his reply to Respondent's response. *Alleyne* held that "any fact that increases the mandatory minimum [sentence for a crime] is an "element" that must be submitted to the jury." 133 S.Ct. at 2155. The order denying Petitioner's § 2255 motion did not refer to *Alleyne* by name. But it did address the arguments for which Petitioner cited *Alleyne* in his reply. These were the validity of the charging document; the aggregation of drug quantities for determining Petitioner's base offense level; and the imposition of consecutive sentences. (See CV Dkt. 8 at pp. 4-5, 7-8; CV Dkt. 9 at pp. 4-5,7-8.) Moreover, Petitioner has not shown that *Alleyne* would apply here. That opinion was entered in 2013; Petitioner challenged convictions that were affirmed on appeal in 2012. (See CV Dkt. 9 at p. 2.) While Petitioner contends in his Rule 60(b) motion and in his reply that *Alleyne* applies retroactively, he does not provide any authority for this position.

Finally, Petitioner argues that the Court did not rule on other specific claims he raised in Ground Two. The order states that, in Ground Two, Petitioner argued counsel was ineffective for failing to hold the Government to its burden of proving that the substance Petitioner possessed was cocaine base, but that the rest of this claim was incomprehensible. (See CV Dkt. 9 at p. 5.)

Petitioner argues that the Court did not rule on his claim concerning notice. In his § 2255 motion, Petitioner alleged that he was deprived of his right to notice of the drug substance and the elements of the offenses for which he was convicted. Petitioner also argues that the Court did not address his claims that the indictment did not charge crack cocaine, the jury was not instructed on crack cocaine, and the jury did not find him guilty of possessing crack cocaine as charged in the indictment. Petitioner recited these matters in his § 2255 motion.

Inasmuch as these portions of Petitioner's § 2255 motion were actually a part of Petitioner's claim that counsel was ineffective for not holding the Government to its burden of proving the substance in his possession, this argument was addressed on the merits and denied. (See CV Dkt. 9 at pp. 5-6.) To the extent that these arguments were distinct from his ineffective assistance claim, as Petitioner appears to allege now in his Rule 60(b) motion, they were deemed incomprehensible; they were conclusory and unsupported by any facts.

Moreover, the record reflects that the charges in the indictment concerned "cocaine base, also known as crack cocaine," thereby putting Petitioner on notice (see CR Dkt. 1); the jury was instructed on "cocaine base, also known as crack cocaine" (see CR Dkt. 86), and the jury found Petitioner guilty of possessing "cocaine base, also known as crack cocaine"

(see CR Dkt. 91). Even assuming, therefore, that the more specific claims now raised in this Rule 60(b) motion could have been discerned from Petitioner's § 2255 motion and would have been properly before the Court, they would not have warranted relief.

Accordingly, it is **ORDERED** that Petitioner's Rule 60(b) motion for relief from an order (CV Dkts. 11, 12) is **DENIED**.

The Court previously denied Petitioner a certificate of appealability. (See CV Dkt. 9 at pp. 11-12.) Petitioner has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Consequently, a certificate of appealability is denied.

**DONE** and **ORDERED** in Tampa, Florida on April 7, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

ML:sa